# Reep *v.* Wagner, Appellant.

*Trespass quare clausum fregit—Possession—Cotenants—Charge.*

Where one of several cotenants in possession of real estate by permission of the other cotenants, leaves the premises temporarily with no intention of abandonment, and another of the cotenants forcibly enters and throws out furniture which he finds there, he will be liable in damages to the cotenant upon whose possession he has trespassed.

In an action to recover damages for a trespass alleged to have been committed on the day before Decoration day, a judgment on a verdict for plaintiff will not be reversed because the court said to the jury : " If you recollect last Decoration day ; it seems that these parties went the day before ; on Decoration day there was a very heavy rain ; I know that, I went to Prospect and it poured on me nearly all the day and it rained in the afternoon."

Argued May 13, 1902.   Appeal, No. 19, April T., 1902, by defendant, from judgment of C. P. Butler Co., Sept. T., 1900, No. 49, on verdict for plaintiff in case of Margaret Reep v. Eli Reep and William Wagner.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.

Trespass quare clausum fregit.   Before GREER, P. J.

At the trial it appeared that in 1894, Mary Reep died possessed of about five acres of land in Fairview township.   She left to survive her two brothers, one sister, and the children of several deceased brothers.   Eli Reep, one of the defendants, was a brother and administrator of her estate.   Hamilton Reep, a nephew of deceased, moved on to the land with the consent of the other cotenants and continued in. possession until his death.   After his death his widow remained in possession. Early in 1900 she left the premises with her children in order to secure work in Butler.   She left most of her household furniture on the premises.   The evidence tended to show that she did not abandon possession, but intended to return.   On May 29, 1900, Eli Reep went on the premises and placed William Wagner in possession of them as tenant.   Reep and Wagner removed the furniture to a barn.   There was some evidence that it was thrown out.

The court charged in part as follows :

[If Eli Reep came there when she was absent and threw away her property, took it out and put it in the barn or in the field, he was guilty of ouster and put her out of the property wrongfully and would be liable for damages.] [5]

[If they (meaning the plaintiff) locked up the house and brought part of their goods here and left part there, renting a house here with the intention of only being here temporarily and returning to the house, we say to you she would not have

surrendered her rights or waived any interest she had in the land, and Mr. Eli Reep would be a trespasser in ousting or putting her out.] [6]

[If you recollect, last Decoration day; it seems that these parties went the day before; on Decoration day there was a very heavy rain; I know that, I went to Prospect and it poured on me nearly all the day, and it rained in the afternoon.] [7]

Verdict and judgment for plaintiff for $125. Defendant appealed.

*Errors assigned* among others were (5, 6, 9) above instructions, quoting them.

*Lev. McQuistion*, with him *J. C. Vanderlin*, for appellant, cited: Woods v. Phillips, 43 N. Y. 152; Overdeer v. Lewis, 1 W. & S. 91; Leibig v. Steiner, 94 Pa. 472; Tietz v. Phila. Traction Co., 169 Pa. 516; Filbert v. Hoff, 42 Pa. 97; Blackmore v. Gregg, 2 W. & S. 182.

*J. D. Marshall*, for appellee cited: Enyard v. Enyard, 190 Pa. 114; Filbert v. Hoff, 42 Pa. 97; McGill v. Ash, 7 Pa. 397.

OPINION BY BEAVER, J., October 13, 1902.

The trial judge in the court below in his charge to the jury said: "If it is true that she (the plaintiff) had given up possession, that is, if she had surrendered her rights that she had under her husband, turned her back on it and gone to Butler, with the intention of living there permanently, then she cannot recover and would not be ousted, and she can have no claim to the land whatever. How is that?" The jury having found for the plaintiff, it necessarily follows that she had not abandoned the property and the main fact upon which the appellants' question involved is based must be eliminated.

There is no evidence that the plaintiff was a tenant at will or by sufferance. On the contrary, it clearly appears that she was in possession claiming under her husband who was a cotenant with the defendant (Reep), and that she was there also by authority of other cotenants. There is absolutely nothing of fact, therefore, upon which to base the so-called questions involved.

The defendant, Reep, as administrator of his sister's estate, had no control of the real estate. His rights thereto were no greater in degree than those of the plaintiff. When, therefore, he entered upon the premises, without authority other than that conferred by his interest therein as a tenant in common, removed the plaintiff's goods, placed the defendant Wagner in possession and thus prevented the plaintiff from the use of the dwelling house and reaping the growing crops, he was as much a trespasser as was Wagner, the other defendant, who was a complete stranger to the title. The jury having found that the plaintiff had not abandoned her possession, which was a question of fact for them, there remained only the question of damages. We see no error in the manner in which that question was submitted to the jury.

The remarks of the trial judge in regard to the weather upon Decoration Day, which were in the main an appeal to the recollection of the jurors, were not strictly regular, but they did the defendants no harm.

The answers to the defendants' points were substantially correct, their rights were fully guarded in the general charge, the pertinent facts were properly submitted to the jury for their finding, and with the moderate verdict, which was rendered, there is no reason to interfere.

Judgment affirmed.